IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ANTHONY BROOKS,<br>Plaintiff,<br>v.<br>SAVAS LOUIEKAIS, et al.,<br>Defendants. | No. C 15-05868 BLF (PR)<br>**ORDER OF DISMISSAL** |

Plaintiff, a state prisoner, has filed in *pro se* a civil rights action pursuant to 42 U.S.C. § 1983, naming a private attorney and the San Mateo County Superior Court as defendants. (Compl. at 2.) Plaintiff's motion for leave to proceed *in forma pauperis*, (Docket No. 2), shall be addressed in a separate order.

## DISCUSSION

**A.    Standard of Review**

The Court must dismiss an *in forma pauperis* action at any time if the Court determines that the allegation of poverty is untrue, the action is frivolous or malicious, the action fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2). *Pro se*

pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Plaintiff's Claims**

Plaintiff claims that he was wrongfully convicted for orial copulation and kidnapping based on insufficient evidence because there was no DNA testing. (Compl. at 3.) Plaintiff also claims that he was denied appointment of counsel on appeal. (*Id.*) Although Plaintiff names Savas Louiekais, who appears to be a private attorney, as Defendant, he makes no specific allegations against him in his statement of claim, nor against the San Mateo County Superior Court. (*Id.*) Plaintiff is seeking "expungement" of his record of the wrongful conviction and money damages. (*Id.*)

A claim for damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid is not cognizable under § 1983. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). A plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* at 486-87.

Here, Plaintiff's allegations that he is unlawfully incarcerated would, if successful, necessarily imply the invalidity of his state court conviction. However, Plaintiff has failed to show that the conviction has been reversed. *See id.* As such, Plaintiff's claims are barred by *Heck* and must be dismissed. Accordingly, Plaintiff's complaint is DISMISSED without prejudice to Plaintiff's filing a new complaint if the challenged conviction and sentence are later invalidated. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (claim barred by *Heck* may be dismissed sua sponte without

Order of Dismissal
P:\PRO-SE\BLF\CR.15\05868Brooks_dism (Heck).wpd                    2

prejudice under 28 U.S.C. § 1915).

Furthermore, although a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983, *see Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), the opposite is not true: A civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995). Accordingly, Plaintiff may seek relief for his allegedly unlawful conviction by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## CONCLUSION

For the reasons set forth above, this action is DISMISSED without prejudice as barred by *Heck*, 512 U.S. at 487.

The Clerk shall enclose two copies of the court's form petition with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

DATED: April 19, 2016

BETH LABSON FREEMAN
United States District Judge